**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HAZEM AHMED,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1114-R** |
| | ) | |
| **WARDEN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin [Doc. No. 24] recommending that the Petition be granted in part and Respondents directed to provide Petitioner with an custody hearing under 8 U.S.C. § 1226(a). Respondents filed an Objection [Doc. No. 25], which requires de novo review of those portions of the Report to which a specific objection is made.

Respondents object to the Report's conclusion that Petitioner's detention is governed by 8 U.S.C. § 1226(a). Respondents argue that 8 U.S.C. § 1225(b)(1), which provides for expedited removal and mandatory detention of noncitizens in certain situations, governs Petitioner's detention and the parole of a noncitizen into the country does not change that status. Although Petitioner states that he was allowed to enter with parole, his Notice to Appeal designates him as a noncitizen "present in the United States who has not been admitted or paroled." Under those circumstances, this Court agrees with

Judge Erwin that Petitioner's current detention "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Additionally, this Court has previously rejected the argument that the termination of a noncitizen's humanitarian parole necessarily reverts his status to that of an "arriving" noncitizen subject to mandatory detention under § 1225(b)(1). *See Marcano v. Johnson,* No. CIV-26-1389-J, 2026 WL 2807028, at *2 (W.D. Okla. Sept. 18, 2026) ("This Court, and indeed many others in this district and nationwide, have repeatedly concluded that § 1226(a) controls in this situation."); *Pena Rebolledo v. Figueroa,* No. CIV-26-959-SLP, 2026 WL 2211681 (W.D. Okla. July 31, 2026) (distinguishing Respondents' cited authorities). Although courts have admittedly reached different conclusions on this issue, the Court finds Respondents' position unpersuasive as to the facts presented in this case and reconsideration of its prior position unwarranted.

Accordingly, the Report and Recommendation [Doc. No. 24] is ADOPTED and, for the reasons stated therein, the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 30th day of October, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE